## Road in Lower Salford.

Where the *termini* stated in two petitions for a road are identical, the Court have no power to grant a second view before a report has been made and acted on upon the first order; but where one of the points of the road prayed for is different in the second petition, the granting of the order is in the discretion of the Court.

CERTIORARI to the Court of Quarter Sessions of *Montgomery county.*

On the 16th May, 1853, a petition was presented to the Court praying for the appointment of viewers to lay out a road in Lower Salford township, upon which viewers were appointed. A report was made in favour of the road, and, on exceptions filed, the proceedings were set aside. On the 20th of February, 1854, another petition was presented, which described the road as follows:—

"Beginning at a point in the Skippack road, on the dividing line of lands of Abraham Ziegler and Michael Ziegler, Sr., thence by the nearest and best route until it intersects a public road leading from the Springhouse and Sumneytown turnpike-road, from near gate No. 4, on said turnpike, to Alderfer's Mill, upon the dividing line of lands of Isaac O. Alderfer and Abraham Alderfer, in the said township."

The viewers were appointed, and an order to view was issued to them, returnable to the succeeding May Term, but no report was ever made on this order.

On the 14th April, 1854, a new petition, signed by the same persons, was presented, praying for an order to view a road as follows:—

"Beginning at a point in the Skippack road, on the dividing line of lands of Abraham Ziegler and Michael Ziegler, Sr., thence by the newest and best route until it intersects a public road leading from the Springhouse and Sumneytown turnpike-road, from near gate No. 4, on said turnpike, to Alderfer's Mill, upon lands of Isaac O. Alderfer, at a point between Alderfer's School-house and said turnpike-road, in the township of Lower Salford, aforesaid."

The Court, without taking any action on the previous petition, and order, appointed viewers upon this latter petition, and an order issued to them, which was also returnable to May Term. On the 15th of May, 1854, the viewers reported in favour of the road as prayed for in the petition. This report was approved by the Court, and the road ordered to be opened thirty-three feet in width.

On the 21st August, 1854, exceptions were filed and a petition for a review also ; the exceptions were afterwards overruled, and a review awarded, which also reported in favour of a road, and the

[Road in Lower Salford.]

original report was finally confirmed by the Court. Isaac O. Alderfer, who resisted the laying out of the road, sued out this *certiorari*.

The principal question made in the Court below and in this Court, was that the proceedings were irregular and illegal, and that the order of the 14th April could not issue to lay out the road while the previous order of the 20th February was pending.

*Chain*, for plaintiff in error.

*Longaker*, contrà.

The opinion of the Court was delivered by

KNOX, J.—Had the petition of April 4, 1854, called for the same road as that of February 20, 1854, it would doubtless have been erroneous to appoint a view upon it before the first viewers had reported, or the appointment been vacated. But the two petitions did not call for the same road. They had a common starting point, but the terminus of the one was "the dividing line of lands of Isaac O. Alderfer and Abraham O. Alderfer," whilst that of the other was "upon lands of Isaac O. Alderfer, at a point between Alderfer's School-house and said turnpike-road in the township of Lower Salford aforesaid."

The first petition fixed the termination of the road at a particular point, whilst the last left it optional with the viewers to run the road, at any point they chose upon the lands of Alderfer, between the school-house and the turnpike-road. This alteration was a material one, and disproves the identity of the two roads prayed for. As the roads were different, the Court of Quarter Sessions had a discretionary power to appoint the second set of viewers, and we have no doubt it was properly exercised, but, whether it was or not, we cannot review it.

Decree affirmed at the costs of the appellant.